**ROBERT A. CLINE, Inc., Appellee, v. UNION THREAD CO., Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 6274. Decided July 6, 1943.

Mr. Raymond J. Kunkel, Cincinnati, for appellee.
Messrs. Nieman, Fry, Schultze & Dreidame, Cincinnati, for appellant.

## OPINION

By HILDEBRANT, J.

Appeal on questions of law from the overruling of defendant's motion for judgment, notwithstanding the verdict

which was for plaintiff for the amount of a commission on a sale of real estate.

In December, 1938, defendant informed plaintiff together with other real estate brokers, by letter, that their industrial property located at 69th Street adjacent to the Big Four Railroad tracks was for sale. This was admittedly a general and not an exclusive listing. The parties will be referred to as plaintiff and defendant, as they appeared in the Court below.

On April 10, 1941, plaintiff took a prospect, one Nathan Brush, Vice President of Greif Bros. of Cleveland, Ohio, who later became the purchaser, to defendant's property, introducing him to one of the officers and showing the property which on that date Brush rejected as being a two story building and principally because there was no side track available. On August 6, 1941, plaintiff again showed Cincinnati real estate to Brush and exhibited a plat of defendant's property, disclosing a side track having in the interim been extended to property adjacent to that of the defendant. Brush again rejected consideration of the property of defendant without again viewing it, and stated they had decided to build. One of defendant's officers early in August, incidental to being in downtown Cincinnati, stepped in the offices of Cleneay Nourse Company and urged them to find a buyer for their property.

Thereafter, early in August one Steuewe, general superintendent of the purchaser, came to Cincinnati with general instructions to look for a site, including instructions to walk along the tracks in search of a site. Steuewe, not finding anything, started to telephone Cincinnati Real Estate Brokers and contacted one Hoffman of Cleneay-Nourse Company, who showed him the defendant's site, with the side track adjacent and available for extension onto the defendant's property. Steuewe favored the site, and was to report that fact to his Company, and Hoffman informed him he was leaving on vacation the following day and made tentative arrangements for a future meeting with Steuewe's superiors. Shorty thereafter and within four to ten days subsequent to August 6th, 1941, the last meeting between plaintiff and Brush, Brush again came to Cincinnati, and in the absence of Hoffman, began direct negotiation with defendant for purchase of the property, which culminated on August 26, 1941 in entering into a tentative contract of purchase, conditioned on obtaining the consent of the State of Ohio in re the use of sidetrack over their property, and during which, in driving the bargain, the parties contacted Hoffman re a reduction in commission, which was agreed upon.

Under the above facts, interpreted most favorably to the plaintiff, is the plaintiff entitled to a commission for the sale of said real estate?

There being no exclusive listing nor any contract, written or oral, setting forth the terms of representation a case is presented here wherein the broker's right to recover a commission is dependent upon performance by him in competition with others who might be similarly engaged. His right to compensation is contingent upon the success of his efforts. Anything less or different from that will not suffice, and, in the absence of an agreement with the seller, his unsuccessful efforts to effect a sale entitle him to no commission.

**Pfanz v Humburg, 82 Oh St., 1;** Roush v Loeffler, 18 O. C. C. 806; Hale v Kumler, 12 O. F. D., 67, 29 C. C. A. 67, 54 U. S., App., 685, 85 Fed. 161; 8 Am Jur p. 1084, paragraph 168, and citations thereunder.

8 Am. Jur., p. 1087, paragraph 172, states the general proposition of law to be that: "In the absence of a special contract, a broker must be the procuring cause of a sale or transaction in order to be entitled to commission thereon. * * * When a broker is the procuring cause of a sale, is a question of considerable difficulty; in the main it is a question of fact for the jury, the decision in each case being dependent upon the particular facts and circumstances thereof." See citations thereunder. See also: **6 Ohio Jur., p. 211, par 39.**

It is therefore apparent that the variety of cases involving original introduction of parties, acquaintance of broker and prospect, presence of broker at consummation of sale, etc., are illustrative only of the general principles of the law as applicable to the facts and circumstances of the particular case and hence not determinative of the instant case. The general principles of law outlined above have been followed in the Ohio cases cited, under their particular facts. We must, therefore, apply those general principles to the facts of the instant case.

Plaintiff testified that Brush rejected the property on April 10, and again on August 6, and that his exhibition of the plat showing sidetrack on the property adjacent to the north was not sufficient to cause Brush to view the property again. He further testified that he did not again contact the purchaser until learning of negotiations between Brush and defendant otherwise than through himself and brought about by his competitor. Meanwhile, when purchaser's general superintendent found his way to the Cleaneay Nourse Company's office, it resulted in his being taken to view this particular real estate.

The premises now presented an appearance changed and different from that on April 10, the extension of the sidetrack to the premises adjacent on the north constructed with a fill, rendering defendant's premises now suitable, which fact was so reported to the purchaser by the general superintendent. Hoffman being on vacation Brush negotiated directly with defendant to discuss price, terms, possession, and all collateral matters involved, such as the necessary consent of the State of Ohio for use of its track.

The petition alleges plaintiff on August 6, 1941 found a buyer, ready, willing, and able to buy defendant's property, and so notified defendant.

The answer is in the form of a general denial and the burden of proving every material allegation in the petition rests upon the plaintiff.

No evidence of purchaser's ability to buy on August 6, 1941, appears in the record. That no one seemed to question that ability cannot be substituted for proof thereof, which the Court deems necessary under the pleadings. **C. O. Frick Co. v Baetzel, 71 Oh Ap., 301,** Ohio Bar, June 21, 1943. Nor is there any proof of purchaser's willingness to buy on that date, but, rather to the contrary, plaintiff's agent testifying Brush did not view the site again on that day, but rejected it, stating they were going to build. Plaintiff's agent further testified he never saw or contacted either the purchaser or defendant after that day, and no price, terms, or collaterial conditions were discussed, let alone, agreed upon. That the purchaser was ready to the point of anxiety to buy an industrial site somewhere in Cincinnati is clear. But an agreement by a real estate broker to procure a buyer implies not only one able to comply, but the completion of the task of getting the parties together on all the terms disclosed, to the point of entering into an enforceable agreement. This plaintiff did not do, and had not done so on August 6, 1941—thereby leaving the field open to all competitors. The rule applicable here is stated in Wilson v Mason, 158 Ill., 304, 311.

Plaintif argues to this Court collusion and fraud on the part of the purchaser and defendant—to avoid payment of a full commission to plaintiff. If such were present, there is no doubt but that plaintiff would be entitled to a commission. Plaintiff relies principally upon the sequence of events and their timing as well as upon some measure of conflict or confusion in the testimony of defendant officers with reference to just who made their disbursements. This Court feels the record discloses no substantial evidence of collusion or fraud by reason of the above. The leading case of Vreeland v Vet-

terlein, 33 N. J. Law, 247, well states the law in a situation similar to the one we have here.

The Court below was therefore in error in overruling defendant's motion for judgment non obstante and that judgment is hereby reversed and the cause remanded with instructions to enter judgment for defendant, notwithstanding the verdict.

MATTHEWS, J., concurs.
ROSS, P. J., dissents in separate memorandum.

ROSS, P. J., (Dissenting):

An examination of the record shows that on April 10, 1941, the agent for the purchaser refused the property because of lack of switching facilities. However, on August 6, 1941, the same representative of the purchaser was shown a plat, indicating that switching facilities would then be easily available, a spur upon adjacent property having been installed.

The purchaser then contacted the seller, defendant, through another real estate agent and by a different representative a few days later concluding a sale.

Such a situation presents a factual issue for a jury as to whether the plaintiff or another agency was the procuring cause of the sale. The jury found for the plaintiff.

I think the order of the trial Court directing a new trial cannot be disturbed in view of the law preventing appeal from such order by the plaintiff.